**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

OCT 22 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JORGE LEONARDO MENDEZ-NEIRA, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 24-4220 Agency No. A241-811-731 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 20, 2025**
San Francisco, California

Before: PAEZ, BEA, and FORREST, Circuit Judges.

Jorge Leonardo Mendez-Neira, a native of Colombia, petitions for review of

the Board of Immigration Appeals' (BIA) decision affirming an immigration judge's

(IJ) denial of asylum, withholding of removal, and relief under the Convention

Against Torture (CAT). We deny the petition.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

***Adverse Credibility.*** We review the agency's "factual findings, including adverse credibility determinations, for substantial evidence." *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). Under this standard, the agency's "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006) (quoting 8 U.S.C. § 1252(b)(4)(B)). In the adverse-credibility context, "only the most extraordinary circumstances will justify overturning [the agency's] determination." *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010) (quoting *Jibril v. Gonzales*, 423 F.3d 1129, 1138 n.1 (9th Cir. 2005)). And "in assessing an adverse credibility finding," we examine the "totality of the circumstances[] and all relevant factors." *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (alteration in original) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

The IJ's adverse-credibility determination relied on Mendez-Neira's statements in his reasonable-fear interview with an asylum officer (AO) and the oral and written statements he offered during his subsequent removal proceedings. The IJ concluded that Mendez-Neira had testified inconsistently as to whether (and, if so, when) he had paid an extortion fee and the identity of the extorting group. The IJ also identified two significant omissions from Mendez-Neira's reasonable-fear interview regarding his occupation as a moneylender and the extorting group's handwritten threats.

Although Mendez-Neira argues that the agency could not rely on content from his reasonable-fear interview, an IJ may consider testimony from a prior interview, including a reasonable-fear interview, where "there [a]re sufficient indicia of reliability." *Mukulumbutu v. Barr*, 977 F.3d 924, 926 (9th Cir. 2020). We have held that an interview has sufficient indicia of reliability where it is "conducted under oath, with contemporaneous notes containing the questions asked, and transcribed . . . with the aid of an interpreter." *Id.* Here, Mendez-Neira's reasonable-fear interview bears every indication of reliability: he was placed under oath, the AO wrote contemporaneous notes, Mendez-Neira confirmed that the summary produced from those notes was correct, and the interview was transcribed with the assistance of a Spanish-speaking officer who Mendez-Neira confirmed he understood and felt comfortable using.

Mendez-Neira also insists that the inconsistencies and omissions noted are minor and that he otherwise offered reasonable explanations. But "when an inconsistency is at the heart of the claim it doubtless is of great weight." *Shrestha*, 590 F.3d at 1047. And an inconsistency goes to the heart of a claim where it "form[s] the crux of [an] application for relief." *Id.* We have held that "omissions are probative of credibility to the extent that later disclosures, if credited, would bolster an earlier, and typically weaker, asylum application." *Iman*, 972 F.3d at 1068. Because they relate to the events that gave rise to his fear, Mendez-Neira's

inconsistencies as to whether he paid the extortionists and the identity of the extorting group both go to the heart of his claim. And Mendez-Neira's later disclosures that he was a moneylender and that he received threatening handwritten notes are not trivial since they bolster his application to his claimed social group and involve a more compelling story about the harm he suffered. Mendez-Neira was given opportunities to and did proffer a variety of explanations for these inconsistencies and omissions, all of which the IJ reasonably rejected. *See Barseghyan v. Garland*, 39 F.4th 1138, 1143 (9th Cir. 2022). Substantial evidence supports the agency's adverse-credibility determination.

***Asylum and Withholding of Removal.*** Mendez-Neira did not argue before the BIA that his nontestimonial evidence was sufficient to satisfy his applications for asylum and withholding of removal such that the agency was "sufficiently on notice." *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (quoting *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020)). We agree that Mendez-Neira waived review of his nontestimonial evidence and do not consider it here.

***CAT Relief.*** For relief under CAT, Mendez-Neira must demonstrate that he "*personally* will face torture if he returns" to Colombia. *Mukulumbutu*, 977 F.3d at 928. In evaluating eligibility for CAT protection, an IJ need not consider testimony found not credible in the asylum context. *See id.* at 927–28. And, without more, generalized evidence of violence and corruption (like that provided in a country-

4                                                                                      24-4220

conditions report) is typically insufficient to establish a particular likelihood of torture. *See Flores-Vega v. Barr*, 932 F.3d 878, 887 (9th Cir. 2019). Because Mendez-Neira has failed to produce relevant nontestimonial evidence outside of his country-conditions report, we conclude that substantial evidence also supports the agency's determination that Mendez-Neira is ineligible for CAT relief.

**PETITION DENIED.**